Michael Yesk (SB#130056)
Megan Dailey (SB#221574)
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525
m.yesklaw@gmail.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NUMA BARNES, AN INDIVIDUAL, | ) Case: 3:13-cv-03227-EDL |
| | ) |
| PLAINTIFF, | ) MEMORANDUM OF POINTS AND AUTHORITIES |
| | ) IN SUPPORT OF MOTION FOR TEMPORARY |
| | ) RESTRAINING ORDER AND ORDER TO SHOW |
| VS. | ) CAUSE WHY PRELIMINARY INJUNCTION |
| | ) SHOULD NOT ISSUE AND FOR PRELIMINARY |
| | ) INJUNCTION |
| HOMEWARD RESIDENTIAL, INC.; DEUTSCHE | ) |
| BANK NATIONAL TRUST COMPANY; MORTGAGE | ) |
| ELECTRONIC REGISTRATION SYSTEMS, | ) DATE: July 23, 2013 |
| INC.; POWER DEFAULT SERVICES, INC.; | ) TIME: 9:00 am |
| FIDELITY NATIONAL TITLE COMPANY; AND | ) CTRM: E, 15th Floor |
| DOES 1 THROUGH 100, INCLUSIVE, | ) |
| | ) |
| | ) Hon. Judge Elizabeth D. Laporte |
| DEFENDANTS. | ) |
| _____ | |

Plaintiff moves for a temporary restraining order and a preliminary injunction enjoining Defendants, and their agents, assigns, and/or transferees, from completing a foreclosure sale on Plaintiffs' residential property, encumbering or transferring any right, title, or interest in the Property, or taking any other enforcement actions pending trial in this matter, pursuant to Fed.R.Civ.P. 65, and Local Rule 65-2.

Plaintiff desires to present oral testimony at the hearing, and anticipate that one (1) hour will be required for the hearing.

1

**FACTS**

2      Plaintiff NUMA BARNES, AN INDIVIDUAL ("Plaintiff") is allegedly the

3 Trustor/Borrower on that certain Deed of Trust recorded on or about August

4 16, 2006 as Instrument No. 259052 in of Official Records in the Office of the

5 Recorder of Contra Costa County, California, purportedly putting a lien on

6 the real property located at 30 Vernal Court, Alamo, CA 94507, APN No. 192-

7 360-003-3 (the "Property").

8      Defendant Homeward Residential, Inc. ("Homeward") claims to be the

9 servicer for the Plaintiffs' loan.  In fact, Homeward could not have been

10 assigned any interest as Servicer through the Pooling and Servicing Agreement

11 due to the failure to property assign the beneficial interest in Plaintiff's

12 Deed of Trust to Deutsche Bank National Trust Company ("DBNTC") as Trustee.

13 Homeward could not be acting on behalf of the trustee for the certificate

14 holders of the securitized trust because they never acceded to the beneficial

15 interest due to the violation of the Pooling and Servicing Agreement for the

16 securitized trust, and therefore could not contractually assign servicing.

17      **Fidelity National Title Company ("Fidelity") is now foreclosing on**

18 **Plaintiff's Property without instruction from the certificate holders of the**

19 **Trust, as the only beneficiaries with the legal right to act.**

20      Securitization is the act of producing an investment vehicle of

21 Mortgage-Backed Securities ("MBS") using the Borrower's Mortgage NOTE as the

22 under-lying corpus, as collateral.  In each and every securitized loan

23 produced by these Banking Institutions, certain documents are filed with the

24 Securities and Exchange Commission which are mandated, including but not

25 limited to the Pooling and Servicing Agreement, Prospectus, Indenture, 10-K

26 [yearly report], 10-Q [quarterly report], 8-K [current report] Form 15-D and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD
NOT ISSUE AND FOR PRELIMINARY INJUNCTION - 2

1    the Servicing Agreements].   The problem is that the original note does not

2    have the endorsements in "wet ink" on the note.   However, for there to be a

3    valid assignment, there must be more than just assignment of the deed alone;

4    the note must also be assigned.   *See Carpenter v. Longan*, 83 U.S. 271, 274,

5    21 L. Ed. 313 (1872)(stating that "[t]he note and mortgage are inseparable;

6    the former as essential, the latter as an incident"; adding that "[a]n

7    assignment of the note carries the mortgage with it, while an assignment of

8    the latter alone is a nullity"); *In re Leisure Time Sports, Inc.* 194 B.R.

9    859, 861 (9th Cir. 1996) (stating that "[a] security interest cannot exist,

10   much less be transferred, independent from the obligation which it secures"

11   and that, "[i]f the debt is not transferred, neither is the security

12   interest"); *Kelley v. Upshaw*, 39 Cal. 2d 179, 192, 246 P.2d 23 (1952)

13   (stating that assigning only the deed without a transfer of the promissory

14   note is completely ineffective); *see also* RESTATEMENT (3D) OF PROPERTY (MORTGAGES) §

15   5.4 (stating that "[a] mortgage may be enforced only by, or in behalf of, a

16   person who is entitled to enforce the obligation that the mortgage secures")

17   (emphasis added).   As *Kelley* establishes, this is true under California law

18   which presumably applies here.

19        The actual lenders in this case, the individuals who invested in the

20   securitized note, have not been consulted as to a loan modification,

21   foreclosure or settlement.   Defendant Homeward has repeatedly misrepresented

22   to Plaintiff that they had communicated with the "investor," and the

23   "investor" would not accept a loan modification requested by Plaintiffs.   In

24   fact, Defendant Homeward failed to communicate with anyone representing the

25   actual investors, and committed fraud on both the Plaintiff and the actual

26   investors when they claimed to have done so.

1   A true and correct copy of Plaintiff's Mortgage Securitization Audit &

2   Analysis Report is attached to the Complaint as Exhibit "A," and incorporated

3   herein by this reference.  See Doc. No. 1, Ex. A (p. 28).  Defendants, and

4   each of them, failed to endorse the note and assign the deed of trust in a

5   timely manner violating 15 U.S.C § 1641(g), and failed to properly identify

6   the true party of interest in their foreclosure action.

7   Defendants or their purported predecessors in interest at the time of

8   origination committed violations of TILA at the time of origination due to

9   deficiencies in foreclosures including fully informing home buyers of the

10  pros and cons of adjustable rate mortgages in a language (both written and

11  spoken) that they can understand and comprehend; and advising them to compare

12  similar loan products with other lenders. It also requires the lender to

13  offer other loan products that might be more advantageous for the borrower

14  under the same qualifying matrix.  Defendants also failed to provide notice

15  to borrowers of assignment at the time of 30 days of transfer of ownership

16  interest or in compliance with TILA at the time of the Assignment of Deed of

17  Trust recorded by MERS in favor of DBNTC as Trustee on October 20, 2011 in

18  violation of TILA.  See 15 U.S.C § 1641(g).  In other words, Plaintiff's

19  claim in the TILA cause of action does not arise out of or on the date

20  complained of document was recorded, and is not necessarily integrated with

21  foreclosure.  However, Plaintiff also alleged claims for wrongful foreclosure

22  in the Complaint.

23  Federal Rules of Civil Procedure, Rule 65 allows a Court to grant a

24  temporary restraining order where justice requires to avoid irreparable

25  injury.  Rule 65(b) of the Federal Rules of Civil Procedure governs the

26  issuance of temporary restraining orders.  Pursuant to Rule 65(b), the Court

1  must look to the specific facts shown by affidavit(s) to determine whether

2  immediate and irreparable injury, loss, or damage will result to the

3  applicant.   In determining whether to issue injunctive relief, the Court is

4  required to consider "(1) the threat of irreparable harm to the moving party;

5  (2) the movant's likelihood of success on the merits; (3) the balance between

6  the harm to the movant if the injunction is denied and the harm to other

7  parties if the injunction is granted; and (4) the public interest." *Bandag,*

8  *Inc. v. Jack's Tire & Oil, Inc.,* 190 F.3d 924, 926 (8th Cir. 1999) (citing

9  *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en

10 banc)).   The burden of establishing the necessity of a temporary restraining

11 order or a preliminary injunction is on the movant. *Baker Elec. Coop., Inc.*

12 *v. Chaske,* 28 F.3d 1466, 1472 (8th Cir. 1994).

13      "No single factor in itself is dispositive; in each case all of the

14 factors must be considered to determine whether on balance they weigh towards

15 granting the injunction." *Id.* (quoting *Calvin Klein Cosmetics Corp. v. Lenox*

16 *Laboratories, Inc.,* 815 F.2d 500, 503 (8th Cir. 1987)

17      Plaintiff here is entitled to permanent injunctive relief based upon

18 the causes of action alleged herein.   Given the drastic implications of

19 foreclosure, it is not surprising to find courts quite frequently granting

20 preliminary injunctions to forestall this remedy while the court considers a

21 case testing whether the foreclosure is justified under the facts and the

22 law.  *Baypoint Mortgage Corp. v. Crest Premium Real Estate Trust* (1985) 168

23 Cal.App.3d. 818, *see also Bisno v. Sax* 175 Cal.App.2d 714.

24      In the case of a contract for the transfer of land, or an interest in

25 land, it is presumed that damages would not adequately compensate.   The

26 plaintiff need not establish inadequacy of the legal remedy in the particular

1   case; historically, land is treated as unique.  This is a presumption.  The

2   presumption is conclusive as to owner occupied properties.  As to other

3   properties, the presumption is one affecting the burden of proof.  (See Civil

4   Code § 3387; see *Remmers v. Ciciliot* (1943) 59 C.A.2d 113, 119, 138 P.2d 306;

5   *Fleishman v. Woods* (1901) 135 C. 256, 261, 67 P. 276; *Pike v. Hayden* (1950)

6   97 C.A.2d 606, 612, 218 P.2d 578 [agreement to lease service station and

7   cafe]; *Ellison v. Ventura Port Dist.* (1978) 80 C.A.3d 574, 579, 145 C.R. 665,

8   citing the text; *Abadjian v. Superior Court* (1985) 168 C.A.3d 363, 374, 214

9   C.R. 234.  Plaintiffs' properties are not owner occupied.  Under the Civil

10  Code and supporting case law the burden shifts to Defendants to show there is

11  no inadequacy of damages as a remedy in this matter, and that Plaintiffs'

12  will not suffer irreparable harm if the foreclosure is completed.  This will

13  be difficult given the problems with obtaining financing post-foreclosure.

14      There is a likelihood of Plaintiff prevailing on the merits and if the

15  foreclosure is not prevented, Plaintiff will lose her property.  A

16  foreclosure sale is currently set for July 29, 2013 of the property located

17  at 30 Vernal Court, Alamo, CA 94507.  Such damage is irreparable and cannot

18  be adequately compensated by financial means.

19      WHEREFORE, Plaintiff prays for relief as follows:

20  1. For a temporary restraining order and preliminary injunction enjoining

21  said defendants, and each of them, and their agents, assigns and/or

22  transferees, from completing the foreclosure on the Property, encumbering or

23  transferring any right, title, or interest in the Property, or taking any

24  other enforcement actions;

25  2. For such other and further relief as the court may deem proper.

26

DATED: July 20, 2013            Respectfully submitted,


                                ___/s/  Megan Dailey_____
                                Megan Dailey, Attorney for Plaintiffs
                                Yesk Law
                                70 Doray Drive, Suite 16
                                Pleasant Hill, CA 94523
                                925-849-5525