**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9
| | |
|---|---|
| NUMA BARNES, | ) Case No. 13-3227 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTIONS TO DISMISS |
| v. | ) |
| | ) |
| HOMEWARD RESIDENTIAL, INC.; | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY; MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC.; | ) |
| POWER DEFAULT SERVICES, INC.; | ) |
| FIDELITY NATIONAL TITLE | ) |
| COMPANY; and DOES 1 through | ) |
| 100, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

19   **I.    INTRODUCTION**

20        This is a mortgage foreclosure dispute.  Plaintiff Numa Barnes

21   ("Plaintiff") brings this action against Defendants Homeward

22   Residential, Inc. ("Homeward"); Deutsche Bank National Trust

23   Company ("DBNTC"); Mortgage Electronic Registration Systems, Inc.

24   ("MERS"); Power Default Services, Inc. ("PDS"); and Fidelity

25   National Title Company ("Fidelity").  Now before the Court are two

26   motions to dismiss, one brought by Homeward, DBNTC, MERS, and PDS

27   (collectively, the "Homeward Defendants"), and the other brought by

28   Fidelity.  ECF Nos. 23 ("Homeward Defs.' MTD"), 31 ("Fidelity

**United States District Court**
For the Northern District of California

1  MTD").  Plaintiff has opposed both motions.  ECF Nos. 35 ("Opp'n to

2  Homeward Defs.' MTD"), 38 ("Opp'n to Fidelity MTD").  The Homeward

3  Defendants have filed a reply, but Fidelity has not.  ECF No. 37

4  ("Reply ISO Homeward Defs.' MTD").  This matter is appropriate for

5  determination without oral argument per Civil Local Rule 7-1(b).

6  For the reasons set forth below, the motions are granted.

7

8  **II.   BACKGROUND**

9       In or around August 2006, Plaintiff obtained a $1.3 million

10  loan from American Brokers Conduit, secured by a deed of trust

11  ("DOT") recorded against the real property located at 30 Vernal

12  Court, Alamo, California (the "Property").  Compl. ¶ 13; Homeward

13  Defs.' RJN Ex. A ("DOT").[1]  The DOT identifies Fidelity as the

14  trustee and MERS as the beneficiary.  An assignment of the DOT was

15  recorded, purportedly transferring the beneficial interest in the

16  DOT to DBNTC.  Compl. ¶ 15.  Fidelity recorded a notice of default

17  on November 9, 2011, and a notice of trustee sale on February 15,

---

[1] Both the Homeward Defendants and Fidelity filed requests for
judicial notice.  ECF No. 24 ("Homeward Defs.' RJN"), 32 ("Fidelity
RJN").  Plaintiff has filed identical objections to both.  ECF Nos.
36, 39.  The objections are OVERRULED, and the Court takes judicial
notice of the DOT and the other publicly filed documents attached
to the RJNs, but not the truth of the matters asserted by those
documents.  Pursuant to Federal Rule of Evidence 201, the Court may
take judicial notice of "a fact that is not subject to reasonable
dispute" because, among other things, it "can be accurately and
readily determined from sources whose accuracy cannot reasonably be
questioned."  Under this rule, the Court "may properly take notice
of public facts and public documents."  Cactus Corner, LLC v. U.S.
Dept. of Agric., 346 F. Supp. 2d 1075, 1098 (E.D. Cal. 2004).
Thus, the Court may also take judicial notice of legal documents
filed in related litigation, including pleadings, motions, and
judgments.  In re Clorox Consumer Litig., 894 F. Supp. 2d 1224,
1230 (N.D. Cal. 2012).  Additionally, Plaintiff references many of
the documents attached to the RJNs in her complaint and, under the
"incorporation by reference doctrine," a court may properly
consider such documents.  See Knievel v. ESPN, 393 F.3d 1068, 1076
(9th Cir. 2005).

**United States District Court**
For the Northern District of California

1    2012. <u>Id.</u> ¶¶ 16-17. Also on February 15, 2012, a substitution of

2    trustee was recorded, purportedly substituting PDS as the trustee

3    on the DOT. <u>Id.</u> ¶ 18. It is unclear from the pleadings whether a

4    trustee sale has yet occurred, though Defendants represent that one

5    has not.

6      On April 5, 2012, Plaintiff filed an action against Homeward

7    in connection with the foreclosure proceedings against the Property

8    in California Superior Court.[2] Homeward Defs.' RJN Ex. F.

9    Plaintiff asserted causes of action for (1) breach of oral

10   contract, (2) breach of written contract, (3) unfair business

11   practices, and (4) declaratory relief. <u>Id.</u> Homeward filed a

12   demurrer to the complaint. RJN Ex. G. The state court sustained

13   the demurrer on December 11, 2012, but granted Plaintiff leave to

14   amend. RJN Ex. H. Plaintiff did not file an amended pleading by

15   the deadline set by the state court, and Homeward moved ex parte to

16   dismiss the action with prejudice. <u>Id.</u> On February 15, 2013, the

17   state court granted the ex parte motion and dismissed the action

18   with prejudice as to Homeward. RJN Ex. I.

19      Though Fidelity is not named as a defendant in Plaintiff's

20   state court complaint, judicially noticeable documents show that

21   Fidelity also demurred to Plaintiff's state court action. Fidelity

22   RJN Ex. H. The state court sustained the demurrer as unopposed,

23   but granted Plaintiff leave to amend. <u>Id.</u> Plaintiff once again

24   failed to file an amended pleading, and the state court dismissed

25   Plaintiff's action as to Fidelity and entered judgment in favor of

26   Fidelity on May 7, 2013. Fidelity RJN Ex. I.

27

28   [2] Homeward was formerly known as American Home Mortgage Corp., and was sued under that name in state court.

3

**United States District Court**
For the Northern District of California

1    On July 12, 2013, Plaintiff filed the instant action in

2  federal court.  Her Complaint asserts causes of action for (1)

3  breach of express agreement; (2) breach of implied agreement; (3)

4  slander of title, (4) wrongful foreclosure; (5) violation of

5  California Civil Code § 2923.5; (6) violation of the Truth in

6  Lending Act ("TILA"), 15 U.S.C. § 1601; (7) violation of the

7  Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18

8  U.S.C. § 1962; (8) violation of the Fair Debt Collection Practices

9  Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; and (9) violation of the

10 California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

11 17200, et seq.  Like the state court action, the instant action

12 challenges the foreclosure proceedings brought against the

13 Property.

14

15 **III.  LEGAL STANDARD**

16    A motion to dismiss under Federal Rule of Civil Procedure

17 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

18 Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

19 on the lack of a cognizable legal theory or the absence of

20 sufficient facts alleged under a cognizable legal theory."

21 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

22 1988).  "When there are well-pleaded factual allegations, a court

23 should assume their veracity and then determine whether they

24 plausibly give rise to an entitlement to relief."  Ashcroft v.

25 Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

26 must accept as true all of the allegations contained in a complaint

27 is inapplicable to legal conclusions.  Threadbare recitals of the

28 elements of a cause of action, supported by mere conclusory

4

**United States District Court**
For the Northern District of California

1   statements, do not suffice."   <u>Id.</u> at 663. (citing <u>Bell Atl. Corp.</u>

2   <u>v. Twombly</u>, 550 U.S. 544, 555 (2007)).   The allegations made in a

3   complaint must be both "sufficiently detailed to give fair notice

4   to the opposing party of the nature of the claim so that the party

5   may effectively defend against it" and "sufficiently plausible"

6   such that "it is not unfair to require the opposing party to be

7   subjected to the expense of discovery."   <u>Starr v. Baca</u>, 633 F.3d

8   1191, 1204 (9th Cir. 2011).

9

10   **IV.   <u>DISCUSSION</u>**

11        Both the Homeward Defendants and Fidelity move to dismiss on

12   the ground that Plaintiff's action is barred by res judicata.   The

13   elements of res judicata are: (1) an identity of claims, (2)

14   identity or privity between parties, and (3) a final judgment on

15   the merits.   <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d

16   708, 713 (9th Cir. 2001).   The Court concludes that res judicata

17   bars Plaintiff's claims.

18        To determine whether successive actions involve the same

19   claims, courts consider, among other things, "whether the two suits

20   arise out of the same transactional nucleus of facts."   <u>Harris v.</u>

21   <u>Jacobs</u>, 621 F.2d 341, 343 (9th Cir. 1980).   "Newly articulated

22   claims based on the same nucleus of facts may still be subject to a

23   res judicata finding if the claims could have been brought in the

24   earlier action."   <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l</u>

25   <u>Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir. 2003).   The instant

26   action arises out of the same nucleus of facts as the state court

27   action, because both action challenge the pending foreclosure sale

28

5

1 of the Property and assert that the foreclosing entities breached

2 the terms of the DOT.

3 Plaintiff cites to an Oregon case, <u>Rennie v. Freeway</u>

4 <u>Transport</u>, 294 Or. 319 (1982), apparently for the proposition that

5 Defendants "implicitly consented to the splitting of claim [sic]

6 under state and federal laws." Opp'n to Homeward Defs.' MTD at 4-

7 5. Setting aside that Oregon law does not control here and that

8 Plaintiff asserts state law claims in the instant action,

9 Plaintiff's argument is unavailing. Under <u>Rennie</u>, "[w]here the

10 parties have agreed to the separate litigation of plaintiff's claim

11 and the first judgment expressly withholds any decision as to the

12 other aspects of the claim . . . a subsequent action by plaintiff

13 based on those parts of the claim reserved is not precluded by res

14 judicata." 294 Or. at 328. Here, there is no indication that any

15 of the defendants agreed to separate litigation or that the state

16 court reserved any aspects of Plaintiff's claims for later

17 litigation. Soon after Plaintiff filed the instant action,

18 Defendants moved to dismiss on res judicata grounds.

19 The second element of res judicata is satisfied as to Homeward

20 and Fidelity because they were defendants in both actions. The

21 remaining defendants, DBNTC, PDS, and MERS, are in privity with

22 Homeward. Privity exists if "there is substantial identity between

23 parties, that is, when there is sufficient commonality of

24 interest." <u>Tahoe-Sierra</u>, 322 F.3d at 1081 (quotations omitted).

25 Thus, Courts have found privity "where the interests of the

26 nonparty and party are so closely aligned as to be virtually

27 representative." <u>Id.</u> at 1082 (quotations omitted). The Court

28 finds such commonality of interests exists here. Plaintiff is

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    suing defendants in connection with their attempt to foreclose on

2    the Property.  Homeward is the servicer of the mortgage on the

3    Property, MERS and DBNTC are the former and current holders of the

4    beneficial interest of the DOT securing the mortgage, and PDS is

5    the substitute trustee on the DOT.

6        Plaintiff argues that her claims are not barred by res

7    judicata because the state court did not render a final judgment on

8    the merits.  Plaintiff reasons that, while the state court

9    sustained Homeward and Fidelity's demurrers, the court also granted

10   Plaintiff leave to amend.  However, Plaintiff neglects to point out

11   that she failed to file an amended complaint as to either Homeward

12   or Fidelity.  As a result, both Homeward and Fidelity moved ex

13   parte for judgment against Plaintiff.  The state court granted both

14   ex parte motions and dismissed Plaintiff's claims against Homeward

15   with prejudice.  Plaintiff did not appeal either judgment.

16       Under California law, "it is the rule that when a plaintiff is

17   given the opportunity to amend his complaint and elects not to do

18   so, strict construction of the complaint is required and it must be

19   presumed that the plaintiff has stated as strong a case as he can."

20   Gonzales v. State of California, 68 Cal. App. 3d 621, 635 (Cal. Ct.

21   App. 1977).  Thus, the Court presumes that Plaintiff could not cure

22   the fatal defects in her state court complaint.  Moreover, "for

23   purposes of applying the doctrine of res judicata, . . . a

24   dismissal with prejudice is the equivalent of a final judgment on

25   the merits, barring the entire cause of action."[3]  Boeken v. Philip

26   Morris USA, Inc., 48 Cal. 4th 788, 793 (Cal. Ct. App. 2010).

27   _____
     [3] Though the state court did not indicate that Plaintiff's claims

28   against Fidelity were dismissed with prejudice, the court did
     render judgment in favor of Fidelity.  Moreover, the state court

**United States District Court**
For the Northern District of California

1   Accordingly, the Court finds that res judicata bars Plaintiff

2   from bringing the instant action because she brought similar claims

3   against Homeward and Fidelity in state court.  Plaintiff cannot now

4   relitigate those claims against Homeward, Fidelity, or their

5   privies, since Plaintiff's action against Homeward was dismissed

6   with prejudice, and the state court entered judgment in favor of

7   Fidelity after Plaintiff failed to amend her pleadings.

8

9   **V.   CONCLUSION**

10   For the foregoing reasons, Defendants Homeward Residential,

11   Inc., Deutsche Bank National Trust Company, Mortgage Electronic

12   Registration Systems, Inc., Power Default Services, Inc., and

13   Fidelity National Title Company's motions to dismiss are GRANTED.

14   Plaintiff Numa Barnes' action is DISMISSED WITH PREJUDICE.

15

16   IT IS SO ORDERED.

17

18   Dated: September 17, 2013

UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28   entered a final judgment on the merits as to Homeward, Fidelity's
privy, when it dismissed Plaintiff's claims against Homeward with
prejudice.

8