UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NUMA BARNES,

    Plaintiff,

v.

HOMEWARD RESIDENTIAL, INC., et al.,

    Defendants.

Case No. 13-cv-03227-RS

**ORDER CONTINUING HEARING AND REQUESTING FURTHER BRIEFING**

In 2013, defendants successfully moved before the previously-assigned judge to dismiss this action on *res judicata* grounds, in light of a prior action filed by plaintiff Numa Barnes in state court arising from the same foreclosure proceedings. Barnes appealed, and earlier this year the Ninth Circuit issued a memorandum decision vacating and remanding. The appellate court explained:

> In dismissing this action on the basis of res judicata, the district court applied the standard used to analyze the preclusive effect of prior federal court judgments. However, "[u]nder 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Unlike the federal courts, "which apply a 'transactional nucleus of facts' test, 'California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes.'" *Id*. (citation omitted).

The disposition directed this court, "to determine in the first instance the preclusive effect to be given Barnes's prior California state court action under the correct standard."

Defendants have now again moved to dismiss, asserting that under the California standard,

the result is the same and this action is still barred by *res judicata*.[1]  Despite having been put on notice by the Ninth Circuit memorandum and defendants' moving papers that the critical issue at this juncture is whether this action implicates the same "primary rights" as the prior state case, the *res judicata* discussion in Barnes' opposition brief is virtually word-for-word identical to that in the brief she submitted in 2013—which does not directly discuss the relevant standard or those issues.[2]

While Barnes' failure to address, much less establish, that her present action does not involve the same primary right or rights under California law might support granting defendants' motion at this point in time, under all the circumstances here, she will instead be given one further opportunity to submit argument and authority directed at showing that her present action is not barred by *res judicata* "under the correct standard."  The hearing set for June 16, 2016 is vacated.  Within 10 days of the date of this order, Barnes shall submit a supplemental brief, not to exceed 10 pages, confined to addressing the issue identified above.  Within seven days thereafter, defendants may submit a supplemental brief, also not to exceed ten pages, confined to responding to the arguments in Barnes's supplemental brief.   The matter will then be submitted for decision without oral argument, or reset for hearing, at the Court's discretion.

**IT IS SO ORDERED**.

Dated:  June 7, 2016

RICHARD SEEBORG
United States District Judge

---

[1] As they did in 2013, defendants also argue the complaint fails to state a claim even if not barred by *res judicata*.  Neither the district court nor the Ninth Circuit reached those arguments, and they will not be considered now, unless and until there is a determination that *res judicata* does not bar that action.

[2] The only apparent change is the addition of a sentence asserting that the dismissal in state court of defendant Fidelity National Title was not made with prejudice.  Not only does that assertion not address the "primary rights" issue, it is factually and legally incorrect.