UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMA BARNES,<br><br>   Plaintiff,<br><br>   v.<br><br>HOMEWARD RESIDENTIAL, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-03227-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

In this action plaintiff Numa Barnes challenges defendants' right to pursue a non-judicial foreclosure on her residence. In 2013, defendants successfully moved before the previously-assigned judge to dismiss the complaint on *res judicata* grounds, in light of a prior action filed by Barnes in state court arising from the same foreclosure proceedings. Barnes appealed, and earlier this year the Ninth Circuit issued a memorandum decision vacating and remanding. The appellate court explained:

> In dismissing this action on the basis of res judicata, the district court applied the standard used to analyze the preclusive effect of prior federal court judgments. However, "[u]nder 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). Unlike the federal courts, "which apply a 'transactional nucleus of facts' test, 'California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes.'" *Id*. (citation omitted).

The appellate disposition directed this court, "to determine in the first instance the preclusive effect to be given Barnes's prior California state court action under the correct standard." Following the remand, defendants again moved to dismiss, asserting that under the California standard the result is the same and this action is still barred by *res judicata*.

Despite having been put on notice by the Ninth Circuit memorandum and defendants' moving papers that the critical issue after remand is whether this action implicates the same "primary rights" as the prior state case, the *res judicata* discussion in Barnes' opposition brief was virtually word-for-word identical to that in the brief she submitted in 2013—and it did not directly discuss the relevant standard or those issues. In light of Barnes' failure to address the question, much less establish that her present action does not involve the same primary right or rights under California law, dismissal likely would have been warranted. Nevertheless, giving Barnes every benefit of the doubt, an order for further briefing issued instead, providing her one further opportunity to submit argument and authority directed at showing that her present action is not barred by res judicata "under the correct standard."

Under California law, res judicata applies where (1) a claim raised in the present action is identical to a claim litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party to the prior proceeding. *See Boeken v. Philip Morris USA, Inc*., 48 Cal.4th 788, 797 (2010). There is no tenable argument that the state court judgment was not a final judgment in favor of the defendants in this action, given that Barnes failed to amend after demurrers were sustained with leave to amend to do so.

Barnes' supplemental briefing therefore argues only that the claims raised in the present proceeding do not involve the same "primary right" as those in the state action. She insists her present claim is that alleged defects in the "securitization" of her loan deprive defendants of any right to foreclose, whereas in the state action she was complaining of so-called "dual tracking"—the practice of a lender to initiate foreclosure proceeding while a borrower's loan modification application is still pending. As *Boeken* makes clear, however:

> Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief.' [Citations.]" Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.

*Boeken*, 48 Cal. 4th at 798.

Barnes' state court complaint invoked her alleged primary right not to suffer a wrongful foreclosure on her residence. Although the present action articulates different legal theories as to why the foreclosure allegedly is wrongful, there is no basis to conclude it involves any different "primary right."[1]  Nor does Barnes offer any plausible basis under which an amendment would avoid the *res judicata* bar.

Barnes does argue that defendants engaged in allegedly wrongful conduct with respect to continuing the foreclosure sale while this action was pending. Although Barnes has made no showing that any such allegations support an actionable claim for relief, this dismissal order is without prejudice to any claims arising subsequent to the filing of this action. The motion to dismiss is granted, without leave to amend. A separate judgment will issue.

---

[1] Because *res judicata* applies, this Court may not adjudicate the merits of the claims. It is worth noting, however, that the theories advanced by Barnes in this action appear similar to those that generally have not been accepted as tenable. *See, Vasquez v. U.S. Bank, N.A.*, 2015 WL 5158538, at *3-6 (N.D. Cal. Sept. 2, 2015) (collecting cases). As *Vasquez* explains, "[b]orrowers commonly attack a lender's standing to foreclose by challenging irregularities in the securitization process" but "[s]uch challenges are almost universally dismissed." Id. at *3. Although the recent decision in *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016) holds that borrowers may have standing to challenge *void* assignments, at least in the post-foreclosure context, it does not appear that generic attacks on "securitization" like those alleged here are now more viable.

**IT IS SO ORDERED**.

Dated: December 5, 2016

_____
RICHARD SEEBORG
United States District Judge